**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**Case No. 9:25-cv-81524-AMC**

DAMION DAWSON,

       Plaintiff,

v.

THERAPY EMPLOYEE ASSOCIATED
MANAGEMENT, LLC and
ADAD ANJOUTE, an individual

       Defendants.

_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants, Therapy Employee Associated Management, LLC ("TEAM") and Adad Anjoute ("Mr. Anjoute") (together, "Defendants"), by and through their undersigned counsel, hereby file their Answer and Affirmative Defenses to the Verified Amended Complaint ("Amended Complaint") filed by Plaintiff, Damion Dawson ("Plaintiff"), as follows:

## JURISDICTION AND VENUE

1. Defendants admit that Plaintiff purports to bring an action under the Florida Civil Rights Act of 1992 (the "FCRA"), seeking damages exceeding $50,000.00, excluding attorney's fees and costs. Defendants deny violating the FCRA and that Plaintiff is entitled to any relief sought in the Amended Complaint. The remaining allegations contained in Paragraph 1 of the Amended Complaint constitute a legal conclusion to which no response is required; to the extent a response is required, Defendants deny those allegations.

2. Defendants admit that Plaintiff purports to bring an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), seeking damages exceeding $50,000.00, excluding attorney's fees and costs. Defendants deny violating Title VII and that Plaintiff is entitled to any

relief sought in the Amended Complaint. The remaining allegations contained in Paragraph 2 of the Amended Complaint constitute a legal conclusion to which no response is required; to the extent a response is required, Defendants deny those allegations.

3. Defendants admit that Plaintiff purports to bring an action under 42 USC § 1981 ("Section 1981"), seeking damages exceeding $50,000.00, excluding attorney's fees and costs. Defendants deny violating Section 1981 and that Plaintiff is entitled to any relief sought in the Amended Complaint. The remaining allegations contained in Paragraph 3 of the Amended Complaint constitute a legal conclusion to which no response is required; to the extent a response is required, Defendants deny those allegations.

4. Defendants admit that Plaintiff purports to bring an action for assault and battery, seeking damages exceeding $50,000.00, excluding attorney's fees and costs. Defendants deny that Plaintiff is entitled to any relief sought in the Amended Complaint. The remaining allegations contained in Paragraph 4 of the Amended Complaint constitute a legal conclusion to which no response is required; to the extent a response is required, Defendants deny those allegations.

5. Defendants admit that TEAM employed more than fifteen (15) employees. The remaining allegations contained in Paragraph 5 of the Amended Complaint constitute a legal conclusion to which no response is required; to the extent a response is required, Defendants deny those allegations.

6. Defendants admit that TEAM employed Plaintiff. The allegations contained in Paragraph 6 of the Amended Complaint call for legal conclusions to which no response is required. To the extent a response is required, Defendants deny such allegations.

7. Defendants admit that jurisdiction is proper in this Court, the United States District Court for the Southern District of Florida. Defendants deny the remaining allegations contained in

Paragraph 7 of the Amended Complaint to the extent that Defendants have not engaged in any unlawful conduct.

8. Defendants admit that jurisdiction is proper in this Court, the United States District Court for the Southern District of Florida. Defendants deny the remaining allegations contained in Paragraph 8 of the Amended Complaint to the extent that Defendants have not engaged in any unlawful conduct.

9. Defendants admit that venue is proper in this Court, the United States District Court for the Southern District of Florida, and that Plaintiff worked at a facility located at 4905 Lantana Road, Lake Worth Beach, Florida 33463. Defendants deny the remaining allegations contained in Paragraph 9 of the Amended Complaint.

10. Defendants admit the allegations contained in Paragraph 10 of the Amended Complaint.

11. Defendants admit that Plaintiff purports to allege claims under the Florida Civil Rights Act, Title VII, and 42 U.S.C. §1981, but Defendants deny that they engaged in any unlawful conduct.

12. Defendants deny the allegations contained in Paragraph 12 of the Amended Complaint.

13. Defendants admit that Plaintiff purports to seek declaratory, injunctive, legal, and equitable relief, but Defendants deny that Plaintiff is entitled to any relief.

## GENERAL ALLEGATIONS

14. Defendants admit that Plaintiff was hired by TEAM in or about June 2024 as a line cook and identified as male. Defendants are without sufficient knowledge or information to

determine whether Plaintiff is African American and deny the remaining allegations contained in Paragraph 14 of the Amended Complaint.

15. Defendants admit that Joe Truscello was Plaintiff's supervisor, that Wiggins was a male coworker of Plaintiff, and that Mr. Anjoute worked at the same facility as Plaintiff. Defendants deny the remaining allegations contained in Paragraph 15 of the Amended Complaint.

16. Defendants deny the allegations contained in Paragraph 16 of the Amended Complaint.

17. Defendants deny the allegations contained in Paragraph 17 of the Amended Complaint.

18. Defendants deny the allegations contained in Paragraph 18 of the Amended Complaint.

19. Defendants deny the allegations contained in Paragraph 19 of the Amended Complaint.

20. Defendants deny the allegations contained in Paragraph 20 of the Amended Complaint.

21. Defendants deny the allegations contained in Paragraph 21 of the Amended Complaint.

22. Defendants deny the allegations contained in Paragraph 22 of the Amended Complaint.

23. Defendants deny the allegations contained in Paragraph 23 of the Amended Complaint.

24. Defendants deny the allegations contained in Paragraph 24 of the Amended Complaint.

25.     Defendants deny the allegations contained in Paragraph 25 of the Amended Complaint.

26.     Defendants deny the allegations contained in Paragraph 26 of the Amended Complaint.

27.     Defendants admit that a Charge of Discrimination and a Notice of Rights to Sue are attached to the Amended Complaint as Exhibit "A." The allegation that Plaintiff "timely filed" his Charge calls for a legal conclusion to which no response is required; to the extent a response is required, Defendants deny that allegation. Defendants are without knowledge or information sufficient to form a belief as to the truth of when Plaintiff filed his Charge and therefore deny those allegations. Defendants deny all remaining allegations contained in Paragraph 27 of the Amended Complaint and aver that TEAM never received notice of a Charge of Discrimination filed by Plaintiff.

28.     Defendants admit that Plaintiff an Amended Charge of Discrimination and a Notice of Right to Sue are attached as part of composite Exhibit "B."  The allegation that Plaintiff "timely filed" his Amended Charge calls for a legal conclusion to which no response is required; to the extent a response is required, Defendants deny that allegation. Defendants are without knowledge or information sufficient to form a belief as to the truth of when Plaintiff filed his Amended Charge and therefore deny those allegations. Defendants deny all remaining allegations contained in Paragraph 28 of the Amended Complaint and aver that TEAM never received notice of an Amended Charge of Discrimination filed by Plaintiff.

29.     The allegations contained in Paragraph 29 of the Amended Complaint call for legal conclusions to which no response is required. To the extent a response is required, Defendants deny such allegations.

30.     The allegations contained in Paragraph 30 of the Amended Complaint call for legal conclusions to which no response is required. To the extent a response is required, Defendants deny such allegations.

31.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Amended Complaint and, therefore, deny those allegations.

**COUNT I** [1]
***Race Discrimination in Violation of FCRA Against***
***Therapy Employee Associated Management, LLC***

32.     TEAM repeats and incorporates its answers to Paragraphs 1-31 of the Amended Complaint as though fully set forth herein.

33.     TEAM denies the allegations contained in Paragraph 33 of the Amended Complaint.

34.     TEAM denies the allegations contained in Paragraph 34 of the Amended Complaint.

35.     TEAM denies the allegations contained in Paragraph 35 of the Amended Complaint.

36.     TEAM denies the allegations contained in Paragraph 36 of the Amended Complaint.

37.     TEAM denies the allegations contained in Paragraph 37 of the Amended Complaint.

38.     TEAM denies the allegations contained in Paragraph 38 of the Amended Complaint.

---

[1] Mr. Anjoute does not provide any response to Count I of the Amended Complaint, including paragraphs 32-39 and the unnumbered WHEREFORE clause following paragraph 39, as this Count is not directed towards him.

39.     TEAM denies the allegations contained in Paragraph 39 of the Amended Complaint.

In response to the unnumbered WHEREFORE clause following Paragraph 39 of the Amended Complaint, including sub-paragraphs a. through f., TEAM denies that Plaintiff is entitled to any judgment, relief, or damages requested therein.

## COUNT II [2]
### *Retaliation in Violation of FCRA Against*
### *Therapy Employee Associated Management, LLC*

40.     TEAM repeats and incorporates its answers to Paragraphs 1-31 of the Amended Complaint as though fully set forth herein.

41.     TEAM denies the allegations contained in Paragraph 41 of the Amended Complaint.

42.     TEAM denies the allegations contained in Paragraph 42 of the Amended Complaint.

43.     TEAM denies the allegations contained in Paragraph 43 of the Amended Complaint.

44.     TEAM denies the allegations contained in Paragraph 44 of the Amended Complaint.

45.     TEAM denies the allegations contained in Paragraph 45 of the Amended Complaint.

46.     TEAM denies the allegations contained in Paragraph 46 of the Amended Complaint.

---

[2] Mr. Anjoute does not provide any response to Count II of the Amended Complaint, including paragraphs 40-47 and the unnumbered WHEREFORE clause following paragraph 47, as this Count is not directed towards him.

47.     TEAM denies the allegations contained in Paragraph 47 of the Amended Complaint.

In response to the unnumbered WHEREFORE clause following Paragraph 47 of the Amended Complaint, including sub-paragraphs a. through f., TEAM denies that Plaintiff is entitled to any judgment, relief, or damages requested therein.

## COUNT III [3]
### *Race Discrimination in Violation of Title VII Against Therapy Employee Associated Management, LLC*

48.     TEAM repeats and incorporates its answers to Paragraphs 1-31 of the Amended Complaint as though fully set forth herein.

49.     TEAM denies the allegations contained in Paragraph 49 of the Amended Complaint.

50.     TEAM denies the allegations contained in Paragraph 50 of the Amended Complaint.

51.     TEAM denies the allegations contained in Paragraph 51 of the Amended Complaint.

52.     TEAM denies the allegations contained in Paragraph 52 of the Amended Complaint.

53.     TEAM denies the allegations contained in Paragraph 53 of the Amended Complaint.

54.     TEAM denies the allegations contained in Paragraph 54 of the Amended Complaint.

---

[3] Mr. Anjoute does not provide any response to Count III of the Amended Complaint, including paragraphs 48-55 and the unnumbered WHEREFORE clause following paragraph 55, as this Count is not directed towards him.

55.     TEAM denies the allegations contained in Paragraph 55 of the Amended Complaint.

In response to the unnumbered WHEREFORE clause following Paragraph 55 of the Amended Complaint, including sub-paragraphs a. through f., TEAM denies that Plaintiff is entitled to any judgment, relief, or damages requested therein.

### COUNT IV [4]
***Retaliation in Violation of Title VII Against***
***Therapy Employee Associated Management, LLC***

56.     TEAM repeats and incorporates its answers to Paragraphs 1-31 of the Amended Complaint as though fully set forth herein.

57.     TEAM denies the allegations contained in Paragraph 57 of the Amended Complaint.

58.     TEAM denies the allegations contained in Paragraph 58 of the Amended Complaint.

59.     TEAM denies the allegations contained in Paragraph 59 of the Amended Complaint.

60.     TEAM denies the allegations contained in Paragraph 60 of the Amended Complaint.

61.     TEAM denies the allegations contained in Paragraph 61 of the Amended Complaint.

62.     TEAM denies the allegations contained in Paragraph 62 of the Amended Complaint.

---

[4] Mr. Anjoute does not provide any response to Count IV of the Amended Complaint, including paragraphs 56-63 and the unnumbered WHEREFORE clause following paragraph 63, as this Count is not directed towards him.

63.     TEAM denies the allegations contained in Paragraph 63 of the Amended Complaint.

In response to the unnumbered WHEREFORE clause following Paragraph 63 of the Amended Complaint, including sub-paragraphs a. through f., TEAM denies that Plaintiff is entitled to any judgment, relief, or damages requested therein.

## COUNT V [5]
### *Race Discrimination in Violation of § 1981 Against*
### *Therapy Employee Associated Management, LLC*

64.     TEAM repeats and incorporates its answers to Paragraphs 1-31 of the Amended Complaint as though fully set forth herein.

65.     TEAM denies the allegations contained in Paragraph 65 of the Amended Complaint.

66.     TEAM denies the allegations contained in Paragraph 66 of the Amended Complaint.

67.     TEAM denies the allegations contained in Paragraph 67 of the Amended Complaint.

68.     TEAM denies the allegations contained in Paragraph 68 of the Amended Complaint.

69.     TEAM denies the allegations contained in Paragraph 69 of the Amended Complaint.

70.     TEAM denies the allegations contained in Paragraph 70 of the Amended Complaint.

---

[5] Mr. Anjoute does not provide any response to Count V of the Amended Complaint, including paragraphs 64-71 and the unnumbered WHEREFORE clause following paragraph 71, as this Count is not directed towards him.

71.     TEAM denies the allegations contained in Paragraph 71 of the Amended Complaint.

In response to the unnumbered WHEREFORE clause following Paragraph 71 of the Amended Complaint, including sub-paragraphs a. through f., TEAM denies that Plaintiff is entitled to any judgment, relief, or damages requested therein.

### COUNT VI [6]
### *Retaliation in Violation of § 1981 Against Therapy Employee Associated Management, LLC*

72.     TEAM repeats and incorporates its answers to Paragraphs 1-31 of the Amended Complaint as though fully set forth herein.

73.     TEAM denies the allegations contained in Paragraph 73 of the Amended Complaint.

74.     TEAM denies the allegations contained in Paragraph 74 of the Amended Complaint.

75.     TEAM denies the allegations contained in Paragraph 75 of the Amended Complaint.

76.     TEAM denies the allegations contained in Paragraph 76 of the Amended Complaint.

77.     TEAM denies the allegations contained in Paragraph 77 of the Amended Complaint.

78.     TEAM denies the allegations contained in Paragraph 78 of the Amended Complaint.

---

[6] Mr. Anjoute does not provide any response to Count VI of the Amended Complaint, including paragraphs 72-79 and the unnumbered WHEREFORE clause following paragraph 79, as this Count is not directed towards him.

11

79.     TEAM denies the allegations contained in Paragraph 79 of the Amended Complaint.

In response to the unnumbered WHEREFORE clause following Paragraph 79 of the Amended Complaint, including sub-paragraphs a. through f., TEAM denies that Plaintiff is entitled to any judgment, relief, or damages requested therein.

## COUNT VII [7]
### *Assault Against Adad Anjoute*

80.     Mr. Anjoute repeats and incorporates his answers to Paragraphs 1-31 of the Amended Complaint as though fully set forth herein.

81.     Mr. Anjoute denies the allegations contained in Paragraph 81 of the Amended Complaint.

82.     Mr. Anjoute denies the allegations contained in Paragraph 82 of the Amended Complaint.

83.     Mr. Anjoute denies the allegations contained in Paragraph 83 of the Amended Complaint.

84.     Mr. Anjoute denies the allegations contained in Paragraph 84 of the Amended Complaint.

85.     Mr. Anjoute denies the allegations contained in Paragraph 85 of the Amended Complaint.

In response to the unnumbered WHEREFORE clause following Paragraph 85 of the Amended Complaint, including sub-paragraphs a. through d., Mr. Anjoute denies that Plaintiff is entitled to any judgment, relief, or damages requested therein.

---

[7] TEAM does not provide any response to Count VII of the Amended Complaint, including paragraphs 80-85 and the unnumbered WHEREFORE clause following paragraph 85, as this Count is not directed towards TEAM.

CASE NO.: 9:25-cv-81524-AMC

## COUNT VIII [8]
### *Battery Against Adad Anjoute*

86. Mr. Anjoute repeats and incorporates his answers to Paragraphs 1-31 of the Amended Complaint as though fully set forth herein.

87. Mr. Anjoute denies the allegations contained in Paragraph 87 of the Amended Complaint.

88. Mr. Anjoute denies the allegations contained in Paragraph 88 of the Amended Complaint.

89. Mr. Anjoute denies the allegations contained in Paragraph 89 of the Amended Complaint.

90. Mr. Anjoute denies the allegations contained in Paragraph 90 of the Amended Complaint.

91. Mr. Anjoute denies the allegations contained in Paragraph 91 of the Amended Complaint.

In response to the unnumbered WHEREFORE clause following Paragraph 91 of the Amended Complaint, including sub-paragraphs a. through d., Mr. Anjoute denies that Plaintiff is entitled to any judgment, relief, or damages requested therein.

## COUNT IX [9]
### *Vicarious Liability Against*
### *Therapy Employee Associated Management, LLC*

92. Defendants repeat and incorporate their answers to Paragraphs 1-31 of the Amended Complaint as though fully set forth herein.

---

[8] TEAM does not provide any response to Count VIII of the Amended Complaint, including paragraphs 86-91 and the unnumbered WHEREFORE clause following paragraph 85, as this Count is not directed towards TEAM.

[9] Mr. Anjoute does not provide any response to Count IX of the Amended Complaint, including paragraphs 92-98 and the unnumbered WHEREFORE clause following paragraph 98, as this Count is not directed towards him.

93. TEAM admits it employs Mr. Anjoute but denies the remaining allegations contained in Paragraph 93 of the Amended Complaint to the extent "At all times herein" is not defined.

94. TEAM admits it employed Mr. Anjoute in August 2024 but denies the remaining allegations contained in Paragraph 94 of the Amended Complaint.

95. TEAM denies the allegations contained in Paragraph 95 of the Amended Complaint.

96. TEAM denies the allegations contained in Paragraph 96 of the Amended Complaint.

97. TEAM denies the allegations contained in Paragraph 97 of the Amended Complaint.

98. TEAM denies the allegations contained in Paragraph 98 of the Amended Complaint.

In response to the unnumbered WHEREFORE clause following Paragraph 98 of the Amended Complaint, including sub-paragraphs a. through d., TEAM denies that Plaintiff is entitled to any judgment, relief, or damages requested therein.

## JURY TRIAL DEMAND

Defendants aver that Plaintiff requests a trial by jury on all issues so triable but deny the existence of any triable issues in this action.

## GENERAL DENIAL

Defendants deny each and every allegation of fact, conclusion of law, or other matter contained in the Amended Complaint that has not been expressly admitted in their Answer.

## STATEMENT OF AFFIRMATIVE DEFENSES

14

As separate and distinct affirmative defenses to the Amended Complaint, without conceding that either Defendant has the burden of proof subject to applicable law, Defendants assert the following:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent they exceed the scope of the allegations raised in the Charges of Discrimination, including Charge No. 510-2025-02023 and Amended Charge No. 510-2025-11680, attached to the Amended Complaint as composite exhibits "A" and "B."

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims under Title VII and the FCRA are barred, in whole or in part, to the extent Plaintiff failed to properly exhaust administrative remedies or satisfy all conditions precedent prior to filing suit.

## THIRD AFFIRMATIVE DEFENSE

Any adverse actions taken with respect to Plaintiff were based on legitimate, non-discriminatory, and non-retaliatory reasons, which were not pretextual and were unrelated to Plaintiff's race or any alleged protected activity. The same decisions regarding Plaintiff's employment would have been made in the absence of any alleged impermissible motive.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, must be reduced, in whole or in part, to the extent Plaintiff failed to take reasonable steps to mitigate his damages, and any award of backpay, front pay, or compensatory relief must be reduced by interim earnings or amounts Plaintiff could have earned with reasonable diligence.

## FIFTH AFFIRMATIVE DEFENSE

15

Plaintiff's claims are barred, in whole or in part, to the extent it is shown or revealed during discovery that he engaged in misconduct prior to, during, or concurrent with his employment that otherwise would have resulted in his discharge if such conduct were then known to Defendant, i.e., the after-acquired evidence doctrine.

## SIXTH AFFIRMATIVE DEFENSE

Good-faith efforts to prevent discrimination in the workplace, including, among other things, implementing policies regarding same, were made, and thus there can be no liability for the decisions of any agents of TEAM to the extent that the alleged conduct was contrary to efforts to comply with anti-discrimination and anti-retaliation laws. *See Kolstad v. ADA*, 527 U.S. 526 (1999). Therefore, punitive damages, exemplary damages, attorneys' fees, and/or costs are not warranted.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants are entitled to a set-off against any damages to the extent discovery reveals Plaintiff received additional compensation, benefits, earnings, profits or other remuneration, regardless of form, during the period that Plaintiff alleges he was entitled to employment.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims for injunctive, declaratory, and other equitable relief are barred because Plaintiff has an adequate remedy at law and has not suffered irreparable harm as a result of any alleged conduct by Defendant.

## NINTH AFFIRMATIVE DEFENSE

Defendant is not liable for any alleged wrongful action taken by its employees that were taken outside the course and scope of their employment, contrary to TEAM's policies, and which were not authorized, condoned, or ratified by TEAM.

16

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for assault and battery fail because Defendants did not engage in and TEAM did not authorize, condone, or ratify any offensive contact. Alternatively, such claims are barred by the doctrines of self-defense, consent, necessity, provocation, and/or defense of property.

### ELEVENTH AFFIRMATIVE DEFENSE

Any alleged improper, illegal or discriminatory actions by any of Defendant's employees were caused by pre-existing conditions or independent, intervening, and superseding events unrelated to Defendants' conduct. Defendants shall have no liability, or liability shall be reduced proportionately.

### TWELFTH AFFIRMATIVE DEFENSE

Any alleged violation of the FCRA, Title VII, or other law was not willful or intentional. TEAM acted in good faith and made decisions based on legitimate business reasons.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred to the extent Plaintiff seeks damages not permitted under the applicable law or that are in excess of the limits imposed by applicable law.  For instance, Plaintiff's claims for punitive damages are barred or, alternatively, limited by applicable statutory caps under the FCRA and federal law.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's retaliation claim fails because Plaintiff did not engage in protected activity as defined under Title VII, the FCRA, or 42 U.S.C. §1981. Even assuming protected activity occurred, there is no causal connection between such activity and Plaintiff's termination.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations to the extent any alleged acts or omissions occurred outside the limitations period.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, laches, and unclean hands.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or his recovery of damages are barred based on a good faith extension of the principles set forth in *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998), because reasonable care to prevent and promptly correct any alleged discrimination was exercised, in that, among other things, Defendant implemented an anti-discrimination and anti-retaliation policy with a complaint reporting procedure, and Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities to otherwise avoid harm.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for vicarious liability fails because any alleged assault or battery was outside of the scope of employment and did not further TEAM's interests.  Moreover, there was no apparent authority to engage in any such actions.

## RESERVATION OF RIGHTS

Defendants reserve the right to bring any additional affirmative defenses which may become known during the litigation of this matter.

**WHEREFORE**, having answered the Amended Complaint and having raised affirmative defenses thereto, Defendants respectfully requests that the Court: (a) dismiss, with prejudice, the Amended Complaint in its entirety; (b) award Defendants its costs, disbursements, and attorneys'

CASE NO.: 9:25-cv-81524-AMC

fees; and (c) award Defendants such other and further relief as this Court may deem just and appropriate.

Dated: January 5, 2026                           Respectfully submitted,

                                                  JACKSON LEWIS P.C.
                                                  1 S.E. 3rd Avenue, Suite 2300
                                                  Miami, Florida 33131
                                                  Telephone: (305) 577-7600

                                                  By: *s/ Sergio Fernandez-Soto*
                                                  Valerie L. Hooker, Esq.
                                                  Florida Bar No. 113688
                                                  Email: *valerie.hooker@jacksonlewis.com*
                                                  Sergio Fernandez-Soto, Esq.
                                                  Florida Bar No. 1022507
                                                  Email: *sergio.fernandez-soto@jacksonlewis.com*

                                                  *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of January 2026, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

                                                  By: *s/ Sergio Fernandez-Soto*
                                                       Sergio Fernandez-Soto, Esq.

CASE NO.: 9:25-cv-81524-AMC

## SERVICE LIST

Daniel H. Hunt, Esq.
Florida Bar No. 121247
Email: *dhuntlaw@gmail.com*
Whitley V. Williams-Jelks, Esq.
Florida Bar No. 1028592
Email: *whitley@themiamishark.com*
**THE MIAMI SHARK PA**
11767 S. Dixie Hwy #407
Pinecrest, Florida 33156
Telephone: (305) 507-0511

*Counsel for Plaintiff*

Valerie L. Hooker, Esq.
Florida Bar No.: 113688
Email: *Valerie.Hooker@jacksonlewis.com*
Sergio Fernandez-Soto, Esq.
Florida Bar No. 1022507
Email: *sergio.fernandez-soto@jacksonlewis.com*
**JACKSON LEWIS P.C.**
1 SE 3rd Avenue, Suite 2300
Miami, FL 33131
Telephone: (305) 577-7600

*Counsel for Defendants*

4923-9708-6854, v. 1

20